NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA TEJEDA-PEREDA, | No. 20-73252 |
| Petitioner, | Agency No. A203-610-714 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Claudia Tejeda-Pereda, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Tejeda-Pereda does not challenge the agency's dispositive determination that her asylum application was time-barred and that she did not establish changed or extraordinary circumstances to excuse the untimely filing. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Tejeda-Pereda's asylum claim.

Substantial evidence supports the agency's determination that Tejeda-Pereda failed to establish a clear probability of future persecution in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Tejeda-Pereda's withholding of removal claim fails.

In light of this disposition, we need not reach Tejeda-Pereda's contentions as to whether she has been convicted of a particularly serious crime. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach). Moreover, we lack jurisdiction to consider the contentions because Tejeda-Pereda did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction

to review claims not presented to the agency); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004) (exhaustion requirement applies to "streamlined" decisions in which the BIA affirms the IJ's decision without opinion).

Substantial evidence also supports the agency's denial of CAT relief because Tejeda-Pereda failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Tejeda-Pereda's contentions that the agency erred in its analysis of her CAT claim.

We do not consider the materials Tejeda-Pereda references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**